UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No.: 8:11-CV-1043 (NAM/RFT) |
| Plaintiff, | |
| v. | |
| ANGELO'S PIZZA & GRILL, INC., | **COMPLAINT**<br>**JURY TRIAL DEMAND** |
| Defendant. | |

-------------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Heather Lafar ("Charging Party") and a class of similarly situated female employees (collectively "Claimants") who were adversely affected by such unlawful practices.

As alleged in more specificity below, Defendant Angelo's Pizza & Grill, Inc. ("Defendant") has engaged in a pattern or practice of sex discrimination against Charging Party and Claimants by subjecting them to sexual harassment, creating and maintaining a hostile work environment because of their sex (female) in continuing violation of Title VII. Charging Party and Claimants were sexually harassed by Defendant's co-owners.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707(a) of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3) and 2000e-6 and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The alleged unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the Northern District of New York.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission ("Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is authorized to bring this action by Sections 706(f)(1) and (3) and 707(a) of Title VII, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3) and 2000e-6.

4. At all relevant times, Defendant has continuously been a corporation under the laws of New York State, doing business in New York, having its registered office located at 44 Champlain Street, in Rouses Point, New York, and has had continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More that 30 days prior to the institution of this lawsuit Charging Party filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 2005 and continuing through the present, Defendant has engaged in unlawful employment practices at its Rouses Point facility, in violation of Sections 703, 704, 706 and 707 of Title VII, 42 U.S.C. §§2000e-2, 2000e-3, 2000e-5 and 2000e-6. These unlawful practices include, but are not limited to the following:

 a. Defendant has engaged and continues to engage in a pattern or practice of sex discrimination against Charging Party and Claimants by subjecting them to sexual harassment and creating and maintaining a hostile work environment because of their sex (female);

 b. Defendant, through it's owners, Konstantinos (Kosta) Raptis and Nicholas (Nick) Raptis, and their brother-in-law Andrew (Andy) Xenos, has engaged in and continues to engage in a pattern or practice of severe or pervasive sexual harassment of the Charging Party and Claimants on the basis of sex (female) by routinely physically and verbally sexually harassing Charging Party and Claimants.

 c. The sexually hostile work environment and unwelcome conduct of a sexual nature includes, but is not limited to, the following conduct:

  i. Kosta and Nick would make sexual comments to Charging Party or Claimants like "come to the back office and give me head," and when female employees bent down to get something, Kosta or Nick would say, "while you're down there…" implying they wanted a "blow job."

  ii. Nick would intentionally drop things on the floor and then tell Charging Party or Claimants to pick them up and then make comments like, "when you bend over, I can see your crack." He would also stick his fingers down the back of female employee's pants.

  iii. Nick would hold a cucumber near his penis while he thrust his hips as if humping.

3

     iv.    Nick held an orange cone in front of his penis and grabbed Charging Party by the back of her neck and dry-humped her from behind.

     v.    Nick would routinely pull female employees' heads by their hair to his genitals.

     vi.    Nick and Andy would roll dough into the shape of balls and compare them to the size of Charging Party's or Claimants' breasts;

     vii.    Andy would make comments about how big his penis was, claimed that he had a "nine inch dick" and asked Charging Party or Claimants if they liked "big dick."

     viii.    Andy would grab and pinch Charging Party buttocks and make comments like "tight little ass."

     ix.    Andy forced Charging Party to a back storage room, where he shut the door, turned off the lights, touched her breasts and vagina and fondled her;

     x.    Kosta, Nick and Andy repeatedly made comments to Charging Party or Claimants about blow jobs, breasts, and large penises. They also repeatedly threatened that "bad girls" would be sent to the office for a spanking.

    d.    Since the owners were the harassers Defendant is strictly liable. Certainly Defendant was aware of the severe or pervasive harassment and hostile work environment, yet failed to prevent or promptly correct the harassing behavior.

    e.    Defendant has engaged and continues to engage in a pattern or practice of severe or pervasive harassment and hostile work environment.

8.    The effect of the practices complained of above has been and continues to deprive Charging Party or Claimants of equal employment opportunities or otherwise adversely affects their status as employees because of their sex.

9.    The unlawful employment practices complained of above were and are intentional.

10. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of the Charging Party and Claimants.

## **PRAYER FOR RELIEF**

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexually harassing conduct and other employment practices which discriminate on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole the Charging Party and Claimants by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D. Order Defendant to make whole the Charging Party and Claimants by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain and suffering, embarrassment, inconvenience, humiliation, loss of enjoyment of life, in amounts to be determined at trial.

E. Order Defendant to pay the Charging Party and Claimants punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G.    Award the Commission its costs in this action.

## JURY TRIAL AND DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

| | |
|---|---|
| Dated:  August 31, 2011<br>New York, New York | Respectfully submitted,<br><br>P. David Lopez<br>General Counsel<br><br>James L. Lee<br>Deputy General Counsel<br><br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>131 M Street, N.E.<br>Washington, D.C. 20507<br><br> /s/_____<br>Elizabeth Grossman<br>Regional Attorney<br>elizabeth.grossman@eeoc.gov<br><br>Nora E. Curtin<br>Supervisory Trial Attorney<br>nora.curtin@eeoc.gov<br><br> /s/_____<br>Ami T. Sanghvi<br>Trial Attorney<br>ami.sanghvi@eeoc.gov<br><br>New York District Office<br>33 Whitehall Street, 5th floor<br>New York, N.Y. 10004-2112<br>Telephone:  (212) 336-3704<br>Facsimile:   (212) 336-3623 |

  /s/
Judith A. Biltekoff
Trial Attorney
Buffalo Office
6 Fountain Plaza, Suite 350
Buffalo, N. Y. 14202
Telephone: (716) 551-3356
Facsimile: (716) 551-4387
judith.biltekoff@eeoc.gov